UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

ANTAWANE MARQUES WALLACE                                  PLAINTIFF

v.                                               CIVIL ACTION NO. 4:13CV-P103-M

DAVID OSBORNE *et al.*                                               DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Antawane Marques Wallace's *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the action will be dismissed.

### I.

Plaintiff is a convicted inmate incarcerated in the Daviess County Detention Center (DCDC). He filed his complaint pursuant to 42 U.S.C. § 1983 against DCDC and Daviess County Jailer David Osborne[1] in his official capacity.

Plaintiff alleges that he has "been denied the opportunity to recieve Hand written photo copied [and] printed legal laws from ky State law Books." He states, "I was told By the Staff here that I was not Allowed to obtain these documents thru the mail This institution does not have law Books nor A legal library for inmates." Plaintiff asserts that this situation places him and other inmates "at a huge disadvantage" and advises that "I am currently involved in A Situation where I will Be going Back to Court in A few month And thus far I have Been denied Any opportunity to obtain access to any of the laws that would Be able to help me in Court."

---

[1] Plaintiff spelled Defendant's last name as "Osbourne." The Court takes judicial notice that the Daviess County Jailer spells his last name "Osborne."

As relief, Plaintiff seeks $500,000 in monetary damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Courts have repeatedly recognized the constitutionally protected right of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts."). Meaningful access, however, will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id.* at 830-33; *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992). The right of access guarantees access to the courts and not to a prison library. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate who claims his access to the courts was denied *merely* because he was denied access to the prison library, or certain books, fails to state a claim. *Id.* Rather, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, a plaintiff must demonstrate an actual injury. *Id.* He must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis*, 518 U.S. at 356 (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented"). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Furthermore, the underlying action must have asserted a non-frivolous claim, *Lewis v. Casey*, 518 U.S. at 352-53, and "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Here, while Plaintiff alleges the inability to obtain "legal laws" and no "law Books nor A Legal library for inmates" at the DCDC, he fails to plead any actual injury to an underlying, non-frivolous claim. He alleges only that he will be "going Back to Court in A few month" and have been denied "access to any of the laws that would Be able to help me in Court." Plaintiff does not identify the type of case, describe the underlying cause of action, or allege that any claim is currently being prevented. He, therefore, fails to state a denial-of-access-to-courts claim.

For this reason, the Court will dismiss this action by separate Order.

Date: November 22, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Daviess County Attorney
4414.005

4